UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x

IN RE:

ZIMMER M/L TAPER HIP PROSTHESIS OR M/L TAPER
HIP PROSTHESIS WITH KINECTIV TECHNOLOGY AND
VERSYS FEMORAL HEAD PRODUCTS LIABILITY
LITIGATION

*This Document Relates to: Robert Luckasavage and Janice
Luckasavage*

-------------------------------------------------------------------------------x

MDL No. 2859

18-MD-2859 (PAC)
18-MC-2859 (PAC)


**1:17-cv-07451-PAC**

 

 

1.      Plaintiff(s), **ROBERT  LUCKASAVAGE  and  JANICE  LUCKASAVAGE**,
state(s) and bring(s) this civil action in MDL No. 2859, entitled *In Re: Zimmer M/L Taper Hip
Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Technology and Versys Femoral Head
Products Liability Litigation*, against Defendants Zimmer, Inc., Zimmer US, Inc., and Zimmer
Biomet Holdings, Inc.

2.      Plaintiff(s) is filing this Short Form Complaint as permitted by this Court's Case
Management Order 9, dated February 7, 2019, and hereby incorporates the Master Long Form
Complaint filed in MDL No. 2859 by reference.

### PARTIES, JURISDICTION AND VENUE

3.      Plaintiff, Robert Luckasavage, is a resident and citizen of the State of New York
and claims damages as set forth below.

4.      Plaintiff's Spouse, Janice Luckasavage, is a resident and citizen of the State of
New York and claims damages as set forth below.   *[Cross out Spousal Claim if not applicable.]*

5.     Venue of this case is appropriate in the United States District Court, Southern District of New York District. ~~Plaintiff states that but for the Order permitting directly filing into the Southern District of New York pursuant to Case Management Order 9, Plaintiff would have filed in the United States District Court, _____ District of _____. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.~~

6.     Plaintiff brings this action *[check the applicable designation]*:

__X__          On behalf of himself/herself;

_____          In a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____ Court of _____.   A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.   *[Cross out if not applicable.]*

## **FACTUAL ALLEGATIONS**

ALLEGATIONS AS TO **RIGHT-SIDE** IMPLANT/EXPLANT SURGERY(IES): *[CROSS OUT IF NOT APPLICABLE]*

7.     ~~Plaintiff was implanted with a Versys Femoral Head in his/her right hip on or about _____ (date), at the _____ (medical center and address), in _____, by Dr. _____.~~

8.     ~~Plaintiff was implanted with the following femoral stem during the _____ (date) implantation surgery:~~

          ~~_____          Zimmer M/L Taper~~

          ~~_____          Zimmer M/L Taper with Kinectiv Technology~~

9.     ~~Plaintiff had the following right hip components explanted on or about _____~~

2

~~(date), at _____ (medical center and address) by Dr. _____.:~~

~~_____   Versys femoral head~~

~~_____   Zimmer M/L Taper~~

~~_____   Zimmer M/L Taper with Kinectiv Technology~~

~~[*Cross out if not applicable.*]~~

~~10.   Plaintiff will have the right hip components at issue explanted on or about _____, at _____ (medical center and address) by Dr. _____.~~

~~[*Cross out if not applicable.*]~~

~~11.   Plaintiff has not yet scheduled a surgery for explantation of the right hip components at issue.   [*Cross out if not applicable.*]~~

ALLEGATIONS AS TO **LEFT-SIDE** IMPLANT/EXPLANT SURGERY(IES): [*CROSS OUT IF NOT APPLICABLE]*

12.   Plaintiff was implanted with a Versys Femoral Head in his/her left hip on or about September 28, 2011, at the New York Presbyterian Hospital- Columbia in New York, New York by Dr. William Macaulay.

13.   Plaintiff was implanted with the following femoral stem during the September 28, 2011 (date) implantation surgery:

   X   Zimmer M/L Taper

   _____   Zimmer M/L Taper with Kinectiv Technology

14.   Plaintiff had the following left hip components explanted on or about December 8, 2014, the New York Presbyterian Hospital- Columbia in New York, New York by Dr. William Macaulay:

   X   Versys femoral head

_____          Zimmer M/L Taper

_____          Zimmer M/L Taper with Kinectiv Technology

15.    ~~Plaintiff will have the left hip components at issue explanted on or about~~ ~~_____, at _____ (medical center and address) by Dr.~~ ~~_____. *[Cross out if not applicable.]*~~

16.    ~~Plaintiff has not yet scheduled a surgery for explantation of the left hip components~~ ~~at issue.  *[Cross out if not applicable.]*~~

## ALLEGATIONS AS TO INJURIES

17.    (a)   Plaintiff claims damages as a result of (check all that are applicable):

__X__                    INJURY TO HERSELF/HIMSELF

_____                 INJURY TO THE PERSON REPRESENTED

_____                 WRONGFUL DEATH

_____                 SURVIVORSHIP ACTION

__X__                    ECONOMIC LOSS

(b)   Plaintiff's spouse claims damages as a result of (check all that are applicable):

*[Cross out if not applicable.]*

__X__                    LOSS OF SERVICES

__X__                    LOSS OF CONSORTIUM

18.    Plaintiff has suffered injuries as a result of implantation of the Devices at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint if chosen for bellwether consideration, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

19.    Plaintiff has suffered injuries as a result of the explantation of the Devices at issue

manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint if chosen for bellwether consideration, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein. *[Cross out if not applicable.]*

20.     Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

21.     Due to the nature of the defect, Plaintiff(s) could not have known that the injuries he/she suffered were as a result of a defect in the Devices at issue at the time they were implanted or for any period afterwards until the defect was actually discovered by Plaintiff(s).

### CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

22.     The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference from the Master Long Form Complaint (check all that are applicable):

__X__           COUNT I - NEGLIGENCE;

_____           COUNT II - NEGLIGENCE PER SE;

__X__           COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN;

__X__           COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT;

__X__           COUNT V - STRICT PRODUCTS LIABILITY- FAILURE TO WARN;

_____           COUNT VI - BREACH OF EXPRESS WARRANTY;

_____           COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY;

_____           COUNT VIII - BREACH OF IMPLIED WARRANTIES;

_____           COUNT IX - VIOLATION OF CONSUMER PROTECTION LAWS

\_\_\_\_           COUNT X –NEGLIGENT MISREPRESENTATION

\_\_\_\_           COUNT XI- FRAUDULENT CONCEALMENT

\_\_\_\_\_           COUNT XII - UNJUST ENRICHMENT

\_\_X\_\_           COUNT XIII – LOSS OF CONSORTIUM

_____           COUNT XIV – WRONGFUL DEATH

_____           COUNT XV- SURVIVAL ACTION

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

\_\_X\_\_           PUNITIVES DAMAGES

_____           OTHER:           _____

_____

_____

_____

_____

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1.      For compensatory damages requested and according to proof;

2.      For all applicable statutory damages of the state whose laws will govern this action;

3.      For an award of attorneys' fees and costs;

4.      For prejudgment interest and costs of suit;

5.      Exemplary damages;

6.      For restitution and disgorgement of profits; and,

7.     For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

Date:  March 18, 2019                                  Respectfully submitted,


                                                         *s/ Kelly K. McNabb*
                                                By:     Kelly K. McNabb

                                                Wendy R. Fleishman
                                                Kelly McNabb
                                                250 Hudson Street, 8th Floor
                                                New York, New York 10013-1413
                                                Telephone: 212.355.9500
                                                Facsimile: 212.355.9592